UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

KEVIN THOMPSON,

                              Petitioner,

              -against-

ROBERT ERCOLE, Superintendent,
Great Haven Correctional Facility,

                              Respondent.

-----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CV-3788 (CBA)

AMON, Chief United States District Judge.

Kevin Thompson ("Thompson"), pro se, petitions for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, seeking to vacate his conviction and sentence for attempted burglary in the

second degree. Thompson asserts (1) that the prosecution's evidence was insufficient to prove

his guilt beyond a reasonable doubt; (2) that the sentencing court's finding that he was a

persistent violent felony offender, resulting in an enhancement of his sentence to twelve years to

life imprisonment, was in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) that

his attorney provided ineffective assistance of counsel for allegedly failing to advise him of a

plea offer and failing to make an Apprendi objection during his sentencing. For the reasons

stated below, Thompson's claims do not warrant habeas relief and his petition is denied.

I.      **BACKGROUND**

At approximately 6:00pm on December 13, 2000, Miguel Salazar ("Salazar") was

parking his car in his driveway when he observed a man, later identified as Thompson,

attempting to open his neighbor's bedroom window. Salazar lived two doors down from the

neighbor, Brian Blayer, on 23rd Street in Queens and had known Blayer for twenty years.

Blayer's bedroom window faced 23rd Street and was directly above a staircase leading to the

1

basement. Salazar observed Thompson standing beneath Blayer's window looking left and right, and then saw him climb onto the staircase railing and open the window approximately halfway. When Thompson put his head and shoulders inside the apartment Salazar called out to him, "Yo, what are you doing?" Thompson jumped down and quickly walked away. Salazar flagged down a police car that was driving down 23rd Street, told the two police officers what he had seen, and got into the car to follow the suspect. Thompson was found around the corner, hiding behind a parked car. He was arrested and charged with attempted burglary in the second degree. At the time of the arrest, Thompson did not possess any bags or burglar's tools.

After his first trial resulted in a hung jury, Thompson was re-tried and convicted on March 8, 2002 of attempted burglary in the second degree. At his sentencing on December 10, 2003, the prosecution presented certificates of conviction and sentencing transcripts for two prior violent felonies that Thompson had committed in 1985 and 1992. The court adjudicated Thompson a persistent violent felony offender under N.Y. Penal Law § 70.08, and sentenced him to the minimum legal sentence of twelve years to life incarceration.

Thompson appealed his conviction to the Appellate Division, claiming that the prosecution's evidence did not prove his guilt beyond a reasonable doubt and that his sentencing under New York's persistent violent felony offender provision violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Thompson also filed a pro se supplemental brief on February 23, 2006, claiming ineffective assistance of counsel due to his counsel's alleged failure to advise him of a plea offer and failure to make an Apprendi objection to the fact-finding procedure used during his sentencing. On October 17, 2006 the Appellate Division affirmed Thompson's conviction. People v. Thompson, 33 A.D.3d 825 (App. Div. 2d Dep't 2006). The Appellate Division held that the evidence was legally sufficient to establish Thompson's guilt beyond a reasonable doubt

and that Thompson's <u>Apprendi</u> claim regarding his persistent violent felony offender

adjudication was "unpreserved for appellate review, and in any event, [ ] without merit." <u>Id.</u>

Additionally, the court held that the claims raised in Thompson's supplemental brief were

meritless. <u>Id.</u> Thompson sought leave to appeal to the New York Court of Appeals on all

previously-raised claims, but the Court of Appeals denied his application. <u>People v. Thompson</u>,

8 N.Y.3d 850 (2007) (Graffeo, J.), <u>reconsideration denied</u>, 8 N.Y.3d 950 (2007) (Graffeo, J.).


## II.   DISCUSSION

### A.     AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d). When a claim is adjudicated on the merits by the state courts, a federal

habeas court will apply AEDPA deference. A state court need not enunciate a rationale for its

decision in order to properly dispose of a claim on substantive grounds. <u>Brown v. Artuz</u>, 283

F.3d 492, 498 (2d Cir. 2002) (holding that claims had been "adjudicated on the merits" where the

Appellate Division merely stated that "defendant's remaining contentions are without merit").

The Supreme Court has stated that "clearly established federal law" means "the holdings,

as opposed to the dicta," of its decisions at the time of the state court adjudication. <u>Williams v.</u>

<u>Taylor</u>, 529 U.S. 362, 412 (2000). A decision is contrary to clearly established federal law if it

"arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Id. at 412–13. A decision involves an unreasonable application of clearly established federal law if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. The "unreasonable application" phrase of § 2254(d)(1) means that "a state court decision must be not only erroneous but also unreasonable. Some increment of incorrectness beyond error is needed." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000). The Second Circuit has cautioned "that the increment need not be great; otherwise, habeas relief would be limited to state court decisions so off the mark as to suggest judicial incompetence." Id. (internal quotation marks omitted).

### B.    Evidentiary Support for Conviction

Thompson's first claim is that his conviction for attempted burglary in the second degree was not supported by legally sufficient evidence and thus violated due process. On direct appeal, Thompson argued that the prosecution failed to prove that he attempted to enter Mr. Blayer's apartment window "with the intent to commit a crime therein," because he did not possess any burglar's tools and his conduct was consistent with that of a mere "peeping tom." See N.Y. Penal Law §§ 110.00, 140.25 (elements of attempted second-degree burglary are engaging in conduct tending to effect an unlawful entry into a dwelling, with the intent to commit a crime therein). The Appellate Division reviewed this claim on the merits and held that, "[v]iewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." Thompson, 33 A.D.3d at 825

(internal citation omitted). The Appellate Division's conclusion is awarded AEDPA deference. See 28 U.S.C. § 2254(d).

In support of his habeas petition, Thompson argues that the Appellate Division "correctly identified the claim presented, but applied the wrong legal standard" by relying on People v. Castillo, 47 N.Y.2d 270, 274-77 (N.Y. 1979) instead of the rule set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979). (Petitioner's Brief 9-10, Feb. 25, 2008.). Thompson's argument is without merit. In the same sentence in which the Appellate Division cites Castillo, it also cites People v. Contes, 60 N.Y.2d 620, 621 (N.Y. 1983), which reads:

> The standard for reviewing the legal sufficiency of evidence in a criminal case is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (Jackson v. Virginia, 443 U.S. 307, 319 [emphasis in original]).

The Appellate Division, therefore, was clearly applying the correct rule of federal law in reviewing the sufficiency of the evidence.

Moreover, the Appellate Division did not unreasonably apply Jackson to the facts in the record. At trial, Mr. Salazar testified that he saw Thompson climb on a railing, open Blayer's window, and stick his head and shoulders inside. When Salazar called out to him, Thompson jumped down and began walking away quickly. Salazar also testified that after he hailed the police car, they drove after Thompson and found him hiding behind a parked car. (Trial Tr. 201-228, March 7, 2002.) Crediting this testimony, a rational juror could conclude beyond a reasonable doubt that Thompson attempted to enter the dwelling, and that his actions upon being confronted demonstrated his intent to commit a crime therein. Petitioner therefore fails to meet the "very heavy burden [of] convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002).

## C.    Ineffective Assistance of Counsel

Thompson claims that his trial counsel was ineffective because he failed to inform Thompson about a plea offer of two to four years imprisonment, and he failed to challenge the sentence-enhancement procedure as a violation of Apprendi. The Appellate Division found both claims to be "without merit." Thompson, 33 A.D.3d at 825. As such, AEDPA deference is required.

To prevail on an ineffective assistance of counsel claim, a defendant must show (1) that counsel's representation was deficient, meaning that it "fell below an objective standard of reasonableness"; and (2) "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Under the first prong, courts must be "highly deferential" to counsel's performance, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The defendant's representation was constitutionally deficient only if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687; see also Eze v. Senkowski, 321 F.3d 110, 125 (2d Cir. 2003). To satisfy the prejudice prong, the defendant must show a reasonable probability that counsel's deficient performance was "sufficient to undermine confidence in the outcome" of the trial or proceeding. Strickland, 466 U.S. at 687. Where the ineffective assistance relates to a plea offer, the defendant must show "a reasonable probability that but for counsel's deficient performance, he would have pled guilty instead of going to trial." Raysor v. United States, 647 F.3d 491, 495 (2d Cir. 2011). Thompson's burden of showing ineffective assistance of counsel is "enhanced by the added

hurdle posed by the highly deferential review accorded state court adjudications under [AEDPA]." Eze, 321 F.3d at 112 (2d Cir. 2003).

Thompson's claim that counsel failed to notify him of the plea offer fails, since the Appellate Division's holding was "not [an] unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2). During sentencing, the Assistant District Attorney stated that Thompson was present in the courtroom when she made him a plea offer of two-to-four years, and he refused the offer. (Sentencing Tr. 17:5-21, Dec. 10, 2003.). The ADA also stated that after the plea offer was withdrawn and the first trial resulted in a hung jury, Thompson told her that he would "now" accept the two-to-four plea, "indicating that he always knew about it." Id. at 20:1-5. Moreover, Thompson admitted during sentencing that his counsel told him about the two-to-four plea offer before trial, but Thompson wanted a "flat bid" instead of an indeterminate sentence at that time. Id. at 19:1-5. The trial court corroborated the foregoing account by acknowledging that the plea discussion took place in court and that Thompson—foolishly, in the opinion of the court—rejected the plea agreement. Id. at 20:6-9. Based on this evidence, it was not unreasonable for the Appellate Division to find that Thompson's counsel adequately informed him of the plea offer, and thus the representation was not deficient.

Thompson's second argument regarding counsel's failure to object during the sentencing procedure must also fail, as the Appellate Division's rejection of the claim was not "contrary to," nor did it "involve[] an unreasonable application of" the Strickland standard. See 28 U.S.C. § 2254(d)(1). More specifically, Thompson's sentencing procedure did not violate Apprendi; therefore, his counsel's failure to object was not unreasonable or prejudicial.

New York Penal Law states that a person will be adjudicated a persistent violent felony offender if he "stands convicted of a violent felony offense" and has been previously convicted of "two or more . . . violent felony" offenses. N.Y. Penal Law § 70.08(1)(a). Once a court has determined "that a person is a persistent violent felony offender the court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment." N.Y. Penal Law § 70.08(2) (emphasis added). In Thompson's case, the state presented certificates of conviction for violent felonies committed by Thompson in 1985 and 1992, and sentencing transcripts wherein Thompson acknowledged that he knowingly plead guilty to violent felonies. (Sentencing Tr. 21:1-7.) The trial court determined that Thompson's convictions qualified as predicate violent felonies under N.Y. Penal Law § 70.04(b), and were within the applicable ten year time period as calculated under N.Y. Penal Law § 70.04(b)(v). (Sentencing Tr. 20:14-21:20.) Thompson received the statutory minimum indeterminate sentence of twelve years to life imprisonment.

The Supreme Court has repeatedly held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added); see Blakely v. Washington, 542 U.S. 296, 301 (2004) (same); Cunningham v. California, 549 U.S. 270, 274-75 (2007) ("As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (emphasis added) (collecting cases)); see generally Almendarez-Torres v. United States, 523 U.S. 224 (1998). Since § 70.08 requires the imposition of an indeterminate sentence with a maximum of life imprisonment solely upon finding that the

defendant was previously convicted to two qualifying violent felonies, it falls squarely within the recidivism exception to the Apprendi line of cases.

Thompson argued before the Appellate Division that the sentencing judge's findings regarding the dates of his prior convictions and the tolling of the ten-year time limit for periods of incarceration were nonetheless impermissible. However, the Second Circuit has "read Apprendi as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well," noting that "it is hardly anomalous to require that [the sentencing judge] also determine the 'who, what, when, and where' of a prior conviction." United States v. Santiago, 268 F.3d 151, 156 (2d Cir. 2001); see United States v. Holman, 131 Fed. App'x 314 (2d Cir. 2005). Courts have repeatedly held that it is not an unreasonable application of Supreme Court authority to conclude that the findings required by § 70.08 are included within the prior conviction exception to Apprendi. See, e.g., Watkins v. Artus, 2010 WL 5060861, at *17-18 (S.D.N.Y. 2010); Washington v. Graham, 2007 WL 3197335, at *5-6 (E.D.N.Y. 2007); O'Garro v. Ercole, 2007 WL 401194, at *4 (S.D.N.Y. 2007.) Thus, Thompson's counsel did not act deficiently in failing to object on this slightly more nuanced ground.

Notably, even as later case law has questioned whether other portions of New York's sentencing scheme might run afoul of the Supreme Court's decisions in Blakely and Cunningham, see Besser v. Walsh, 601 F.3d 163 (2d Cir. 2010), rev'd en banc, Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (under AEDPA, state courts did not unreasonably apply Blakely and Cunningham in rejecting challenges to the judicial factfinding required by the persistent felony offender provision, N.Y. Penal Law § 70.10), courts have consistently indicated that § 70.08's recidivism-based enhancement is constitutional under longstanding Supreme Court

9

jurisprudence.  See, e.g., Besser, 601 F.3d at 170 n.5 (distinguishing § 70.08 and noting that it

"requires imposition of an indeterminate sentence with a statutory maximum of life

imprisonment solely upon the court's finding of qualifying predicate convictions"); Portalatin,

624 F.3d at 73-74 (same); Soto v. Conway, 565 F. Supp. 2d 429, 440 (E.D.N.Y. 2008) ("Unless

and until the Supreme Court revisits Almendarez-Torres, this Court finds that § 70.08(2)

continues to fit into the safe harbor for recidivism-based sentencing enhancements established by

that case and reiterated in Apprendi.")  Even if Thompson's trial counsel could have foreseen all

these developments at a December 2003 sentencing, they only reinforce the reasonableness of

declining to make an Apprendi objection to § 70.08 at that time, and the lack of prejudice caused

by the omission.

In sum, Thompson's trial counsel did not act deficiently in failing to make an Apprendi

objection at sentencing, and the state court's decision is therefore not contrary to, or an

unreasonable application of, the Strickland standard.  The ineffective assistance of counsel claim

fails.

### D.    Apprendi Claim

Thompson also brings a freestanding claim that the state court's sentencing procedure

under N.Y. Penal Law § 70.08 was contrary to clearly established federal law under Apprendi

because it denied him his constitutional right to a jury trial.  The Appellate Division held that

Thompson's Apprendi claim was "unpreserved for appellate review, and in any event . . .

without merit." Thompson, 33 A.D.3d at 825.

Where a state court rejects a claim based on the petitioner's failure to comply with a state

procedural rule, the procedural default may constitute an independent and adequate ground for

the state court's decision, thus barring federal habeas review.  See Coleman v. Thompson, 501

10

U.S. 722, 729-30, 749-50 (1991). A determination that a claim is unpreserved is a sufficient indication that the state court denied the claim based on state procedural grounds. See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005). Under the New York contemporaneous objection rule codified in N.Y. CPL § 470.05[2], appellate review of a trial court ruling is precluded unless an objection was made to the ruling "by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." The Second Circuit has held that failure to comply with the contemporaneous objection rule is an adequate and independent bar to federal habeas review. See Downs v. Lape, -- F.3d --, 2011 WL 4057173, at *3-7 (2d Cir. 2011); Whitley v. Ercole, 642 F.3d 278, 285-88 (2d Cir. 2011); Gonzalez v. Cunningham, 670 F. Supp. 2d 254, 261 (S.D.N.Y. 2009) (citing Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007); Felder v. Goord, 564 F. Supp. 2d 201, 223 (S.D.N.Y. 2008)). Because the state court in this case clearly invoked the procedural bar, the fact that this conclusion was expressed in an alternative holding is immaterial to its effect. See Harris, 489 U.S. at 264 n.10; Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) ("[W]hen a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted."); Liggins v. Burge, 689 F. Supp. 2d 640, 652-53 & n.8 (S.D.N.Y. 2010). Thompson's Apprendi claim is therefore procedurally barred.

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Harris, 489 U.S. at 262 (1989). To show cause for a procedural default, the petitioner must demonstrate "some external

11

impediment preventing counsel from constructing or raising the claim." <u>Murray v. Carrier</u>, 477

U.S. 478, 492 (1986). Here, Thompson alleges that his failure to raise the <u>Apprendi</u> claim during

sentencing was due to ineffective assistance of counsel. As this Court has found the ineffective

assistance of counsel claim to be without merit, Thompson fails to establish cause on these

grounds.

Even if the Court were to consider Thompson's <u>Apprendi</u> claim on the merits, the

analysis above demonstrates that the Supreme Court has consistently reaffirmed the

constitutionality of sentencing enhancements based solely on the fact of prior convictions. Thus,

it was not contrary to, or an unreasonable application of, clearly established law for the state

court to conclude that § 70.08 does not violate <u>Apprendi</u>. Accordingly, Thompson's claim is

rejected.


## III.    CONCLUSION

The petition for a writ of habeas corpus is denied. Since Thompson has failed to make a

"substantial showing of the denial of a constitutional right," a Certificate of Appealability shall

not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close

the case.

SO ORDERED.

Dated: Brooklyn, N.Y.
      October 28, 2011                        S/Chief Judge Carol B. Amon

                                             Carol Bagley Amon
                                             Chief United States District Judge